Grimke, J.
Thecase presents thisquestion : Is this ordinance authorized by the act of incorporation ? The only parts of the city charter from which the power to pass it can be derived, are sections 8,12, and 13. In section 8, power is given to impose fines, forfeitures, and penalties on all persons offending against the ordinances, and provides for the prosecution, recovery, and collection thereof. Sectson 12 authorizes the abatement of nuisances, and section 13 gives power to prohibit all hogs, etc., from running at large. If this last section had been omitted, there would, perha-ps, have been force in the argument, that it was intended to embrace the evil complained of, in this instance, under the head of nuisances. But section 13 absolutely excludes this inference, and by its precise and definite phraseology withdraws the mischief, now complained of, from the head of nuisances. Does section 8, then, which authorizes the imposition of fines, forfeitures, and penalties, give the power which has been exercised in this instance? It is claimed that it does, and that the true signification of the word forfeiture, shows that the city council were justified in the ordinance which they passed. The term forfeiture is, undoubtedly, distinguishable from the term fines, inasmuch as it may mean the sequestration of property, and the other term does not necessarily carry that signification. But admitting this were the true and invariable line of distinction between the two classes of punishment, it does not, therefore, follow that a forfeiture *can be [38 enforced in the summary way in which this ordinance undertakes to enforce it. Although it is a proceeding in rem, yet all proceedings of this nature are so conducted as to give, if possible, notice to the party interested. The hogs or horses of an individual may, from some inevitable accident, or the act of God, be found in the streets; it would be manifestly unjust, unless some overruling necessity should say so, to impound and sell without giving an opportunity to the party to explain the circumstances. If the construction of the clause in the charter were only doubtful, such construction ought to be put upon it as is most favorable to the rights of the citizens. In Fairfax v. Hunter, 7 Cranch, 603, where it was argued that the legislature of Virginia might, by a simple enactment, confiscate the property of an alien, it was answered, that admitting that it might, yet it would not be presumed, 'where there was any room for an opposite presumption, that it was in *37 tended to dispense with the accustomed mode of proceeding. Indeed, in every instance in which a forfeiture of property is worked, the forfeiture is consequential upon some judicial proceeding. The city corporations which have grown up in modern times are of infinite advantage to society; they bind men more closely together than does any other form of political association. But that which most remarkably distinguishes them from the close corporations which formerly existed, is the general spirit of freedom which has been breathed into them. More especially is this the case with town corporations in America, which are as different Rom those of England as the latter are Rom similar corporations in Scotland and Holland. Occasionally, however, we see symptoms of the old forms showing themselves ; the maxim, that the safety and well-being of the people are the supreme law, sometimes persuades those who are invested with authority that they may be permitted to pursue so noble an end, by any means short of tyrannical. It is a great improvement in legislation to pursue the good of the majority, but the true end at which American institutions aim, is to consult the rights and interests of all conditions of men. There was no necessity for the summary pro-37] cess which was ^directed by the ordinance of the city of Cincinnati of June 15, 1836. The mischief, and it is undoubtedly one, which was .intended to be guarded against, might be prevented as effectually by a different proceeding. Unless there be a special custom, or express legislative authority for it, the penalty of a by-law can not be enforced in this way. There can be no custom in this instance, and the legislative authority which is contained in the charter, does not necessarily or naturally import the exercise of the power. The ordinance commands the marshal to seize and impound the property, and, then, without any reserve, without any notice to the party, by means of which he might be enabled to exculpate himself, directs it to be sold, and the proceeds to be placed in the city treasury. Such an ordinance is as contrary to the spirit of the charter as it is alien from the general genius of our institutions.
New trial granted.